IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-30825-maw |
| Douglas P. Fay | ) | Judge Mary Ann Whipple |
| Debtor | ) | **EXPEDITED MOTION FOR RECONSIDERATION OF DISMISSAL WITH PREJUDICE** |
| | ) | Matthew B. Bryant (0085991) BRYANT LEGAL, LLC |
| | ) | 6600 W Sylvania Ave., Suite 260 Sylvania, OH 43560 |
| | ) | Telephone: (419) 824-4439 Fax: (419) 932-6719 |
| | ) | Email: Mbryant@BryantLegalLLC.com |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW COMES** Douglas P. Fay, the Chapter 7 Debtor in this case, by and through his undersigned counsel, who hereby moves this Court to reconsider the dismissal *with prejudice* in this case. Debtor requests reconsideration of this Honorable Court's April 29, 2016 Order pursuant to Bankruptcy Procedure 9024 and Fed. R. Civ. P. 60(b)(1), (5) & (6) for the reasons delineated herein. A Memorandum of Law in further support follows and is incorporated herein by reference.

Respectfully submitted,

BRYANT LEGAL, LLC

/s Matthew B. Bryant
Matthew B. Bryant (0085991)
Attorney for Douglas P. Fay

1

## MEMORANDUM OF LAW

I.   **Statement of the Facts**

On March 21, 2016, Debtor filed this Chapter 7 case on a pro se basis as a result of litigation that occurred in Allen County, Ohio. In said action, the Chapter 7 Debtor herein was subjected to judgment, along with his various entities, in an amount in excess of $863,500.00 for various claims, including but not limited to, an action on account and trespass. A copy of the Decision and Judgment Entry is attached hereto as Exhibit A.

Unfortunately, after commencement of the Debtor's Chapter 7 proceedings, despite the automatic stay imposed by 11 U.S.C. § 362(a), Mr. Fay experienced rapid collection and harassment from the underlying creditor, its affiliates or authorized agents, in the Allen County Action. Specifically, despite the automatic stay in this case, Mr. Fay was served with eviction proceedings, seizure of various assets, and other demands for payment. A copy of the Complaint in Forcible Entry and Detention is attached hereto as Exhibit B.

Additionally, upon information and belief, Mr. Fay's appellate counsel withdrew from representation or otherwise terminated the Attorney-client relationship, thereby precluding Debtor from timely filing a Notice of Appeal to the Sixth District Court of Appeals with the benefit of counsel. A copy of Mr. Fay's Motion for Continuance is attached hereto as Exhibit C. Mr. Fay has also filed a request at the trial court level for a hearing concerning his property, given his protection by the automatic stay and believed exemptions under Ohio law. A copy of Mr. Fay's Request for Hearing is attached hereto as Exhibit D. To date, Mr. Fay's request has not been set for hearing, and collection proceedings have continued against him despite this case.

Simply, given the foregoing, Debtor was overwhelmed by continued collection efforts taken against him by his Judgment Creditor to merit a dismissal of this case *with prejudice*, as rendered by this Court's April 29, 2016 Order. Finally, Debtor has made payment on the filing fee in this matter in attempt to comply with Orders of this Court. Said payment is not reflected on the docket.

**II.     Law and Argument**

Rule 60(b) provides, in full:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The burden is upon the movant to prove the grounds for relief. *Smith v. Kincaid,* 249 F.2d 243, 244 (6th Cir.1957). The granting of such motions "is a matter addressed to the sound discretion of the trial court." *Miller v. Owsianowski (In re Salem Mortgage Co.),* 791 F.2d 456, 458 (6th Cir.1986); See also *In re Hammer*, 2008 WL 6177312, at *2 (Bkrtcy.N.D.Ohio,2008). In the case at present, Debtor requests relief from the dismissal of his case with prejudice pursuant to Fed. R. Civ. P. 60(b)(1), (5) & (6). As detailed by the foregoing, Debtor did not intend to willfully ignore the Orders of this Honorable Court, but he was simply overwhelmed by the litigation in the underlying state court

action *during* the pendency of these Chapter 7 proceedings to permit Debtor the relief afforded to him by the automatic stay or the ability to willfully disregard Court Orders.

Debtor requests relief from judgment in this matter as to the dismissal of these proceedings *with prejudice*, as Debtor was preoccupied with harassment from the judgment creditor and was without the benefit of counsel, until now. He requests this relief on an expedited basis, as Debtor, as well as his interests, anticipates the filing for protection in accordance with the U.S Bankruptcy Code as soon as is practical or permissible by this Honorable Court. Finally, Debtor has made payments on the filing fee, which appear to have not made it to the Court's docket. On or about April 5, 2016, Debtor made payment of $100.00 towards his filing fee. Debtor will pay the balance of the filing fee incurred in this case upon filing the instant motion.

**WHEREFORE**, for the above-referenced reasons, Debtor respectfully requests that this Honorable Court reconsider the dismissal of this case with prejudice pursuant to Fed. R. Civ. Pro. 60(b)(1), (5) & (6), as Debtor's ignorance of the law, in light of the foregoing, as well as orders of this Court, should be excused under the above-described circumstances and events that impeded his action in this case, as well as the integrity of the automatic stay imposed by 11 U.S.C. § 362(a).

Respectfully Submitted,

/s/ Matthew B. Bryant
Matthew B. Bryant
Attorney for Debtor

4

## NOTICE PURSUANT TO LOCAL RULE

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this case. If you do not have an attorney, you may wish to consult one.** Under Local Bankruptcy Rule 9013-1 and 4:08, unless a written response to the Motion or Application is filed with the Clerk of Court and served on the moving party and the Office of the US Trustee, objecting to the relief requested within fourteen (14) days, the Court may deem the opposition waived, treat the motion/application as conceded, and issue an order granting the relief requested without further notice or opportunity for hearing.

/s/ Matthew B. Bryant
Matthew B. Bryant
Counsel for Debtor

## **CERTIFICATION**

I certify that on May 2, 2016, a true and correct copy of the foregoing Expedited Motion for Reconsideration was served electronically or by ordinary U.S. Mail, postage prepaid, this day, as follows:

Electronically:

The U.S. Trustee

Bruce C. French, the Chapter 7 Trustee, at brucecfrench@earthlink.net

Matthew B. Bryant on behalf of Debtor
mbryant@bryantlegalllc.com, matthew@mockltd.com

Ordinary Mail:

See attached mailing matrix

/s/ Matthew B. Bryant
Matthew B. Bryant
Counsel for Debtor